IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AVA R. MANDEL,

     Plaintiff,

  v.

DEFENSE COUNTERINTELLIGENCE
AND SECURITY AGENCY,

     Defendant.

Case Nos. 1:25-cv-2025-ABA;
1:25-cv-3515-ABA

## DEFENDANT'S MOTION TO CONSOLIDATE

Defendant, Defense Counterintelligence and Security Agency ("DCSA"), by and through counsel, Kelly O. Hayes, United States Attorney, and S. Nicole Nardone, Assistant United States Attorney, hereby moves to consolidate *Ava R. Mandel v. DCSA*, Case No. 1:25-cv-2025-ABA, and *Ava R. Mandel v. DCSA,* Case No. 1:25-cv-3515, and with good cause, state:[1]

### I.    BACKGROUND

On July 22, 2025, Plaintiff filed a Complaint in *Mandel v Defense Counterintelligence and Security Agency* ("DCSA"), 1:25-cv-2025-ABA. ECF No. 1, *Complaint* ("*Mandel I*"). In the Complaint, Plaintiff raised allegations under the Privacy Act, 5 U.S.C. § 552a, related to DCSA's retention of certain records and information obtained during a background investigation of Plaintiff in connection with her application for federal employment in 2024. *Complaint* at 2-3. Plaintiff also alleged that DCSA violated the Privacy Act in disregarding certain information and denying Plaintiff's requests to amend their records. *Id.* Plaintiff's Complaint seeks a court order

---

[1] On February 16, 2026, undersigned counsel sent *pro se* Plaintiff a copy of the instant motion for her consideration in determining whether to join the motion. Following her review, Plaintiff declined to join and indicated she will file a response per the Court's briefing schedule.

requiring the removal of certain information from Defendant's files, and an award of attorney's fees and costs. *Id.* at 4.

On December 3, 2025, Defendant was served with a second Complaint that was filed by Plaintiff on October 27, 2025. *See Mandel v. DCSA*, 1:25-cv-3515-ABA. ECF No. 1, *Complaint* ("*Mandel II*"). In this Complaint, Plaintiff raised claims against DCSA for violations of the Genetic Information and Nondiscrimination Act ("GINA) and the Americans with Disabilities Act ("ADA") related to information obtained by DCSA through its background investigation of Plaintiff related to her application for employment in 2024.   *Complaint* at 3. Specifically, Plaintiff asserted that DCSA used personal information acquired from her background investigation to "frame [her] character and behavior," suggest that her "genetic association with her sibling raised concerns about her psychological fitness and trustworthiness" and "subsequently recommend[] she not be granted a public trust position." *Id.* at 3. Plaintiff alleged that DCSA "further compounded the harm" in "transmitting" information from her background investigation to the "United States Department of Health and Human Services without her knowledge and consent," thereby "further impair[ing] her prospects for federal employment." *Id..* Plaintiff's Complaint seeks compensatory damages and declaratory relief, including an order that DCSA "amend its investigative files to remove all references to her family's medical or criminal history," and "equitable relief" including "restoring Plaintiff's eligibility for federal employment consideration." *Id.* at 4.

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure ("FRCP") 42(a) provides that a court may consolidate actions where the "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). Policies of judicial economy generally favor the consolidation of related actions.

*Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996) (holding that "substantial overlap" between two related cases required consolidation in "the interests of justice."). Determining whether to consolidate actions rests within the sound discretion of the trial court. *See Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982). In exercising that discretion, courts must weigh "the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause to the parties." *Joe Hand Promotions, Inc. v. Dock Street Enters., Inc.*, 2011 WL 6141058, at *2 (D. Md. Dec. 8, 2011) (quoting *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994)). When there is "substantial overlap" between the factual underpinnings of multiple actions, the Fourth Circuit has indicated that the district court should consolidate the actions. *See Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996); *see also Eldridge v. McCabe, Weisberg & Conway*, LLC, 2012 WL 1416642, at *1 (D. Md. Apr. 23, 2012) ("Policies of judicial economy generally favor the consolidation of related actions."). In addition, where several actions have involved the same parties and similar issues, even though there may be different claims asserted, this Court has exercised its discretion to consolidate the actions. *See Handex of Md., Inc. v. Waste Mgmt. Disposal Servs. of Md., Inc.*, 2008 WL 11363365, at *5 (D. Md. July 10, 2008) (granting consolidation, even though the "issues . . . are not completely identical").

## III.    ARGUMENT

Here, the claims raised in *Mandel I* and *Mandel II* involve the same two parties -- Plaintiff and DCSA. The issues raised in the two Complaints also concern the same factual underpinnings. Specifically, Plaintiff's claims in both Complaints arise from DCSA's background investigation of Plaintiff in connection with her application for federal employment

in 2024.  Although Plaintiff's claims in *Mandel I* are brought under the Privacy Act and concern DCSA's retention of certain records and information related to the background investigation, and *Mandel II* raises claims under the Genetic Information and Nondiscrimination Act ("GINA) and the Americans with Disabilities Act ("ADA") and concerns DCSA's alleged determination that Plaintiff's "genetic association with her sibling raised concerns about her psychological fitness and trustworthiness" and  "subsequent[] recommendation [that] she not be granted a public trust position" *(Mandell II at 3),* consolidation is nonetheless appropriate here because Plaintiff claims arise from the same factual nexus -- DCSA's background investigation of Plaintiff in connection with her application for employment in 2024.  Simply because Plaintiff raises different causes of action against DCSA based on these common facts does not weigh against consolidation.  *See e.g. Handex of Maryland, Inc. v. Waste Mgmt. Disposal Servs. of Maryland, Inc.*, 2008 WL 11363365, at \*5 (D. Md. July 10, 2008) (finding consolidation appropriate although the issues raised in the different actions were "not completely identical" and one complaint involved an "additional party"); *En Fuego Tobacco Shop LLC v. United States Food & Drug Admin.,* 356 F. Supp. 3d 1, 11 (D.D.C. 2019) (finding even where two cases involved different plaintiffs who "advance[d] different claims or theories" this, without more, would not weigh against the benefits of consolidation of the claims into a single case).

Consolidation is appropriate here as *Mandel I* and *II* involve the same parties and the issues raised concern the same common set of facts. Moreover, consolidation will promote judicial economy and allow the parties to litigate this matter simultaneously before the same judge, rather than piecemeal.  Finally, there is no reason to believe that consolidation would result in confusion of the issues or prejudice to the parties.

- 5 -

## IV. CONCLUSION

For the foregoing reasons, Defendant requests that the Court consolidate *Mandel I*, Case No. 1:25-cv-2025-ABA, and *Mandel II,* Case No. 1:25-cv-3515, making *Mandel I* the lead case.[2]

February 17, 2026

Sincerely,

Kelly O. Hayes
United States Attorney

 */s/ S. Nicole Nardone*
S. Nicole Nardone
Assistant United States Attorney
U.S. Attorney's Office, District of Maryland
36 S. Charles Street, Suite 400
Baltimore, Maryland 21201
Telephone: (410) 209-4800
Nicole.Nardone@usdoj.gov

*Counsel for Defendant*

---

[2] "Under this Court's protocols, the lead case will be the first of the consolidated cases filed . . . " *CX Reinsurance Co. Ltd. v. Johnson*, 2019 WL 1861346, at *2 (D. Md. Apr. 25, 2019); *see also Hanover Ins. Co. v. Engineered Sys. All., LLC*, 2016 WL 9752318, at *2 (D. Md. Apr. 14, 2016) ("As is the convention in this District, the earlier filed case . . . is designated the lead case.").

- 6 -

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 18, 2026, I caused a copy of the foregoing to be

electronically served via email and mail, first class, postage prepaid, to:

**Ava R. Mandel**
503 Market Street
P.O. Box 545
Denton, MD 21629
armandel762@gmail.com

*/s/ S. Nicole Nardone*
S. Nicole Nardone
Assistant United States Attorney